## WHEELER *vs.* TOWNSEND.

DEMURRER to plea. To a declaration of debt on judgment, the defendant pleaded that on the 30th May, 1818, he the defendant, having been actually imprisoned in the debtor's jail in New-York for sixty days then last past and upwards, upon execution in a civil action, within the true intent and meaning of the act for giving relief in cases of insolvency, and the acts amending the same, application was made to the recorder of New-York by one Samuel Townsend, a creditor of the defendant, for relief, pursuant to the said acts, (the said creditor being apprehensive that the estate or effects of the defendant would be wasted or embezzled;) and such proceedings were thereupon had that afterwards, on the 8th January, 1819, the recorder granted a discharge to the defendant from all debts, &c., and if in prison, from imprisonment, setting forth the discharge *in hæc verba.* The discharge *recited* that the creditor made affidavit that the insolvent was indebted to him in a sum of money not less than $25, but there was no *averment* to that effect in the plea. For this cause the plaintiff demurred to the plea, and the defendant joined.

In a plea of a discharge of an insolvent debtor under the ninth section of the act for giving relief in cases of insolvency, the fact that the insolvent was indebted to the creditor on whose application the proceedings were had in a sum not less than $25, must be expressly averred, or the plea is bad on general demurrer. The recital of the fact in the discharge set forth in the plea will not supply the defect in the averments giving jurisdiction to the officer.

*J. R. Van Duzer*, for plaintiff.

*D. H. Tuthill*, for defendant.

UTICA,
August, 1829.

Wheeler
v.
Townsend.

*By the Court,* SUTHERLAND, J.   The demurrer is well taken.   In order to give the officer jurisdiction, to whom application is made for a discharge, under the ninth section of the act for giving relief in cases of insolvency, and the acts amending the same, (1 R. L. 464 ; Statutes, vol. 4, p. 41, b. and p. 23, c.) it is necessary not only that the debtor should have been *actually imprisoned for sixty days or upwards, upon execution in a civil action,* but it must also appear that *he is indebted to the creditor who makes the application, in a sum not less than* $25.   The proceedings under the ninth section are to be instituted by a creditor or creditors of the insolvent, and it is a particular description of creditors only who are authorized to make the application ; *those whose respective debts are not less than* $25.   It is upon the application of such a creditor only that the officer acquires jurisdiction of the subject ; the fact therefore should have been expressly averred in the plea. (1 Johns. R. 91.   7 id. 75.   11 id. 175.   19 id. 39.   20 id. 208.   3 Cowen, 206.   1 id. 316.)   The case of *Wyman* v. *Mitchell,* (1 Cowen, 316,) shews that the want of this averment cannot be supplied by the discharge itself. Jurisdiction must first be given to the officer, before any presumption in favor of his acts can arise, and a recital in the discharge itself cannot confer or afford any evidence of jurisdiction.

Judgment for plaintiff on demurrer, with leave to defendant to amend, on payment of costs.