NEW-YORK,
May, 1834.

Barber
v.
Winslow.

BARBER *vs.* WINSLOW.

It is not necessary, in support of an *insolvent discharge*, relied on in defence
of an action, to show by proof *aliunde* the discharge, that the officer grant-
ing it had jurisdiction ; the facts set forth in it are sufficient for that purpose ;
*so held* in this case, where it was recited in the discharge that E. B. *of the
town*, &c. in the county, &c. *did present a petition* in conjunction with
so many of his creditors, &c. praying his discharge on making an assign-
ment. *It seems*, however, that notwithstanding the facts recited in the dis-
*charge, it is competent to a party opposing the discharge to show that the*
officer had not jurisdiction.

ERROR from the Columbia common pleas. Winslow sued
Barber in a justice's court on a promissory note, dated 6th
December, 1828, payable three days after date. The defendant
pleaded the general issue, and gave notice of his discharge
under the act for *giving relief in cases of insolvency,* passed
April 12th, 1813, granted by a commission, *ex officio*, of the
county of Albany, on the 5th September, 1829, and exhibited his
discharge. On the trial of the cause, after the plaintiff had
rested, the defendant offered to read his discharge (which was
duly authenticated) in evidence, which was objected to by
the plaintiff, *unless the defendant did first prove that the officer
granting the discharge had jurisdiction;* which objection was
sustained by the justice. The defendant then proved that he
was *an inhabitant* of Albany during the whole of the year
1829, but gave no other evidence *aliunde* the discharge show-
ing jurisdiction in the officer. The justice being of opinion
that enough had not been shown to vest the officer with juris-
diction, rendered judgment against the defendant. In the
*discharge,* offered to be read in evidence, it was stated that
Edward Barber, of the town of Watervliet, *in the county of
Albany* and state of New-York, *did present a petition* to the of-
ficer,who granted the discharge, *in conjunction with so many of
his creditors* residing within the United States, who had debts
*bona fide* owing to them by the insolvent, amounting at least
to two thirds of all the money owing by him, praying that
the insolvent, on making an assignment of all his estate in trust
for the benefit of all his creditors, might be forever discharged,
agreeably to the act entitled " An act for giving relief in cases

of insolvency," passed April 12th, 1813. It was then further stated that the officer appointed a day for the creditors to show cause, and that due notice of such appointment was given. The officer then certifies that it appears to him that the insolvent hath conformed to all things required of him by the act, and has executed an assignment, &c. Wherefore he discharges him from all debts, &c. The judgment of the justice was removed by *certiorari* into the Columbia common pleas, where it was affirmed. the defendant sued out a writ of error.

The cause here was very fully discussed on written arguments by

*D. Peck*, for the plaintiff in error.

*I. Gaul, jun. & C. Bushnell*, for the defendant in error.

*By the Court*, NELSON, J. I am wholly unable, after a critical examination of this case and of the elaborate arguments accompanying it, to distinguish it from that of *Jenks* v. *Stebbins*, 11 Johns. R. 224. Mr. Justice *Spencer* there referred to the cases of *Morgan* v. *Dyer*, 10 Johns. R. 161, *Frary* v. *Dakin*, 7 id. 75, and *Service* v. *Hermance*, 1 id. 91, in which the rule is distinctly recognized (and he forfeited it by citing other cases) that in *pleading* a discharge under our insolvent laws, as in pleading the judgment of a court of special and limited jurisdiction, it is indispensible to set forth facts sufficient to give to the officer jurisdiction of the particular case. The learned judge also admitted that where *notice of the discharge was given* under the general issue, it was incumbent upon the defendant affirmatively to prove that the officer had jurisdiction to entertain the proceedings and grant the discharge ; and yet, the very point and the only one in the case was decided, which is raised here, that the production of the discharge was *per se* evidence sufficient of the facts thus indispensable to give jurisdiction to the officer. That the officer has jurisdiction (he says) may be proved by *parol*, or *by relying on the facts set forth in the discharge ;* for those facts are proof by virtue of the act. The subsequent cases in

this court, of *Wyman* v. *Mitchell*, 1 Cowen, 316, *Dakin* v. *Hudson*, 6 id. 221, *Borman* v. *Russ*, 6 id. 234, *Wheeler* v. *Townsend*, 3 Wendell, 247, and *Otis* v. *Hitchcock*, 6 id. 433, referred to and relied upon by the counsel for the defendant in error, are only recognitions or reiterations of the *rules of pleading*, stated and sanctioned in the preceding cases, and nothing more, and cannot be considered as in any way impeaching the soundness of the decision in *Jenks* v. *Stebbins ;* on the contrary, they are founded upon that decision. As was said of the argument of the counsel for the plaintiff in that case, the fallacy of the argument of the counsel for the defendant here consists in blending the rules of evidence with the rules of pleading. Were it necessary to assign any other reason for the correctness of the rule laid down in *Jenks* v. *Stebbins*, it may be found in the well settled doctrine that the record of a court of special and limited jurisdiction, which contains the allegation of facts showing jurisdiction in the particular case, is *per se* sufficient to uphold the judgment until the contrary is shown. Were it not so, every judgment of a court of limited jurisdiction would be reversed of course upon error brought. A discharge under the insolvent laws is in all the cases considered analogous to the judgment of such courts.

No doubt, it is competent to a party to defeat the effect of a discharge, by showing that the officer had not jurisdiction, notwithstanding the facts recited in the discharge, as it is always admissible thus to attack the judgment of a court of limited jurisdiction. 19 Johns. R. 345. 5 id. 41. 15 id. 141. 9 Cowen, 229.

Judgment reversed.