Andrews, J.
The defendant justified his entry upon the land of the plaintiff upon the ground that the locus in quo was a public highway, and to establish its existence, produced from the town clerk’s office, of the town of Brookhaven, a record purporting to have been made by two commissioners of highways of that town, in 1799, of the alteration of a road or highway, extending from the town road across the premises now owned by the plaintiff to the Sound; and laying out a new road over the same premises, on a new line for a part of the distance, intersecting the old road near the Sound, and thence proceeding on the line of the old road (but increasing *385 its width) to the landing. The record, after describing the road as altered, recites that the commissioners “ do give the forementioned (old) road in exchange, reserving the privilege to Justice, Helm, Timothy and Joseph Miller, and their heirs and assigns forever, to carting up hay, subjecting to shutting gates.” There is no recital of any agreement with, or assent on the part of the owners of the land to the alteration, or that they consented to take the old road in exchange for the new one, or to the reservation in favor of the persons named and their assigns of a right of way over the abandoned road. It is apparent from the record — read in connection with the act of February 2d, 1789, relating to the “ clearing, regulating and laying out public highways in Suffolk county, Kings county and Queens county ”— and it is conceded by the counsel for the defendant, that the commissioners, in laying out the road in question, were acting under and intended to exercise the authority given by the second section of the act. That section provides that when a road has been laid out contiguous to or through any person’s land, and it shall appear to the commissioners of highways of the town or the major part of them, that another road may be laid out through the same person’s land, more convenient for travelers and the inhabitants of the town, “ it shall be lawful for the said commissioners, or the major part of them, to agree with the owner or proprietor of the same lands concerning the same, and to exchange the said road, already laid out, for another road to be laid out by the said commissioners, through the said person’s lands; which agreement shall be good and valid in law, and the owner or proprietor of such land shall hold and enjoy the land where such former road was laid out, to him and his heirs and assigns forever.” The jurisdiction of the commissioners, to lay out a road under this section, depended upon their having obtained the consent of the owner of the land through which it was to be laid. The proceeding could not be taken adversely to him. The laying out of a road under this section was not an exercise by the commissioners of the right of eminent domain. It was not contemplated *386 that compensation should be made to the owner of the land taken for the road, beyond the benefit he might derive from the extinguishment of the public right .in the road for which the new one was substituted.
The record produced fails to show upon its face the essential ground and fact of jurisdiction, viz., that the owners of the land had agreed to the alteration of the road. There is no recital of any consent on their part to the proceeding, and the old roadway, which the commissioners assume to surrender to them, is made subject to a perpetual servitude and easement, in favor of persons, having, so far as the record shows, no right or interest in the premises.
This record did not, we think, establish the existence of a legal highway. Commissioners of highways act, in laying out highways, under a special and statutory authority, and it must appear upon the face of their proceedings — or by proof aliunde, that they acquired jurisdiction in the particular case, and a record, purporting to be the record of a highway laid out by them, which fails to show, affirmatively, that jurisdiction was acquired, cannot be helped out by intendment or presumption, based upon the fact that the commissioners were public officers acting in discharge of a public duty. Presumption does not supply the lack of proof. This is especially so, when such a record is set up to justify an entry upon the land of another which, in -the absence of a public right of passage, was a clear trespass.
If a defective record of a highway is aided by extrinsic proof, as it may be, of the existence of the jurisdictional facts, or there has been a long user in accordance with the record, quite a different question would arise, but, alone and unaided, it does not tend to prove, as against the owner of the land, the existence of a highway over it. (Jenks v. Stebbins, 11 J. R., 224; Dakin v. Hudson, 6 Cow., 221; Wheeler v. Townsend, 3 Wend., 247; Case v. Thompson, 6 id., 634; Denning v. Corwin, 11 id., 648; Barber v. Winslow, 12 id., 102; Ex parte Clapper, 3 Hill, 489; People v. Cassels, 5 id., 164; Cornell v. Barnes, 7 id., 35; Whiting v. Shufelt, 1 Denio, *387 592; Turner v. Roby, 3 Comst., 193; Harrington v. People, 6 Barb., 608; Potter v. Merchants' Bank, 28 N. Y., 653; 1 Smith’s Ldg. Gas., 1095.) The record does not show jurisdiction in the commissioners. The land, when the record was made, was owned by infants, and no consent could have been given by them, and it cannot be presumed.
The nonsuit cannot be justified, unless the existence of the highway was conclusively established. It was not proved by the record, and the proof of user, and the other facts relied upon, to show that the locus in quo was a public highway, should have been submitted to the jury under proper instructions from the court.
The action of the commissioners, in 1867, in making a survey and description of the road, laid out by the record of 1799, was void, if that record was itself void, and, if an appeal would lie in such a case, the omission to take it does not preclude the plaintiff from contesting in this action the existence of the alleged highway. (People v. Judges of Suffolk County, 24 Wend., 249; People v. Judges of Cortland County, id., 491.)
The evidence in the case is confused, and it is difficult to understand it, but we think that, upon the ground stated, the judgment should be reversed and a new trial granted.
All concur.
Judgment reversed.