PEOPLE ex rel. CUMMINGS v. GREENE, Police Com'r.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

CERTIORARI—RETURN—INFERIOR TRIBUNALS.

Where the return to a writ of certiorari to review a determination of a police commissioner, dismissing relator from the police force of the city of New York, recited that on the 5th day of September, 1902, such commissioner "was duly designated to hear the evidence upon the said charges," and relator did not move for a further return, such recital prima facie established that the commissioner had jurisdiction to hear the charges.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Certiorari, § 143.]

Certiorari by the people, on the relation of James Cummings, against Francis V. Greene, as police commissioner of the city of New York, to review proceedings of the respondent dismissing relator from the police force of the city of New York. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Jacob Rouss (Louis J. Grant, on the brief), for appellant.
James D. Bell, for respondent.

JENKS, J. I think that the evidence was sufficient to sustain the determination of the commissioner. The relator raises the point that the determination was void because the deputy police commissioner had not been duly authorized or delegated to make it. No particular defect is assigned, and obviously the contention is based upon the proposition that, inasmuch as the determination up for review was that of an inferior tribunal, it was incumbent on it to show its jurisdiction. The return is that on or before the 5th day of September, 1902, Frederick H. E. Ebstein, second deputy commissioner of police, "was duly designated to hear the evidence upon the said charges." With this return the relator was satisfied, and came to a hearing thereon. I think, under the circumstances, the relator is confronted with the rule that jurisdiction prima facie may be established by recitals in the record. Potter v. Merchants' Bank of Albany, 28 N. Y. 641, 653 et seq., 86 Am. Dec. 273; Barber v. Winslow, 12 Wend. 102; Belden v. Meeker, 2 Lans. 470; Smith v. Reid, 134 N. Y. 568, 31 N. E. 1082; Comstock v. Crawford, 3 Wall. 396, 403, 18 L. Ed. 34. If the relator was not satisfied, he could have moved for a further return. People ex rel. Miller v. Wurster, 149 N. Y. 549, 44 N. E. 298.

Determination confirmed, with costs. All concur.