### Stiles and others vs. Burch.

Upon an appeal from the decision of a vice chancellor, if the appellant makes default at the hearing, the decree or order appealed from will be affirmed, with costs. But if the respondent makes default, the cause must be heard ex parte; and the decree or order will not be reversed, or modified, until it is shown to be erroneous.

The only effect of the respondent's default at the hearing of the appeal is to deprive him of costs, if the decision of the vice chancellor is affirmed; or to preclude him from the right of appealing to the court of dernier resort, if such decision is reversed.

A surrogate, upon the accounting of an administrator before him, has jurisdiction to declare the sale of a chattel interest in land, which has been bid in by the administrator for his own benefit, void; and to charge him with the full value of the premises at the time of such sale, with interest, or with the present value and the net income of the property from the time of the sale.

The sentence or decree of a surrogate, upon the final accounting of an admistrator before him, is, unless appealed from, conclusive as to the amount of the personal estate with which such administrator is chargeable; and it cannot be reviewed in a collateral suit.

A bill in chancery may be filed by the distributees, to compel the executor or administrator to distribute the estate of the decedent according to the senteneo or decree of the surrogate, made upon a final accounting before him.

March 17. THIS was an appeal from a decretal order, made in the late equity court of the third circuit. The case was noticed for hearing by the appellant only; and when it was reached in its order, upon the calendar, the respondent did not appear. The appellants' counsel therefore asked for an order, reversing the decree appealed from, by default. The Chancellor, however, decided that the counsel for the appellant must proceed ex parte to show that the decree appealed from was erroneous; and what was the proper decree to be made in this court, if upon examination it should be found that the decision in the court below was wrong; that where the appellant did not appear at the hearing of the appeal, this court

would presume the decision of the court below was correct; and would affirm the same, with costs, without any argument upon the merits ; that where the respondent made default, the decree of the court below would not be reversed, or modified, unless the appellant was able to satisfy the chancellor that the same was erroneous, either wholly or in part; that the only effect of the respondent's neglect to appear, was to deprive him of his costs on the appeal, if the decree of the court below was affirmed ; and to preclude his right to appeal to the court for the correction of errors, if the decision of the chancellor was against him. [See S. C. in note to 96th rule, in edition of 1834.] The appeal was then heard upon the merits, ex parte.

*C. Bushnell*, for the appellant.

THE CHANCELLOR. The object of the bill in this case appears to have been to obtain an account and distribution of the estate of *Z. Burch*, deceased, in the hands of the defendant as the surviving administrator of his estate ; and to charge the defendant with the amount of certain leasehold premises, which were purchased or pretended to be purchased by him at an auction sale thereof. And the defendant was particularly called upon by the bill to set forth, in his answer, a full inventory of the personal estate, rights and credits of the decedent as to items, value, dates, sums and persons ; and an account of the income of the real estate by him received, and of the rents and profits of the leasehold premises. By the bill, it also appears that the defendant was cited by the complainants to account before the surrogate ; who, upon a hearing of the parties, found a balance due from the defendant, as administrator, of $420,20 ; which sum, with the costs of accounting, he was sentenced to pay. From the opinion of the circuit judge, which is before me, he seems to have supposed that the plea of the defendant was a plea to the relief sought by the bill. Upon examination, however, I am satisfied it is not a plea to any part of the relief, but is only a plea to so much of the bill as calls upon the defeadant *in his answer* to set forth an account of the estate and of the admin-

istration thereof, and an account of the rents and profits of the leasehold premises. And the defendant has fully answered as to the relief sought by the bill. The court below also erred in supposing that the complainants had waived their replication, by bringing the cause to hearing without entering a rule to produce proofs. Such, undoubtedly, would have been the effect of such a proceeding in this court, according to the decision in the case of *Wiser* v. *Blachley,* referred to in the opinion of the circuit judge. (1 *John. Ch. Rep.* 607.) But the 43d rule of the late equity courts expressly declared, that no rules to produce witnesses, or to pass publication, should be required; and that the testimony of all witnesses taken in open court, except witnesses examined *de bene esse,* should be taken at the hearing of the cause. Either party, therefore, had a right, at the hearing of the cause, to examine witnesses as to any facts which they wished to establish. And if neither party took any testimony at the hearing, the cause was heard on bill, answer and replication, in the same manner as a cause would be heard in this court after a regular order to close the proofs, where neither party had taken testimony. The answer, therefore, was evidence in favor of the defendant, so far as it was responsive to the bill, and no farther. And the plea being put in issue by the replication, and no evidence being adduced in support of the truth thereof, it should have been overruled, of course. But so far as its truth was admitted, by the statement in the bill of the proceedings before the surrogate, the defendant is entitled to the benefit of that statement on the hearing. As the plea went to the discovery merely, its being overruled at the hearing will be no injury to the defendant, if the court should come to the conclusion that he was not liable to account anew.

There is no doubt, in this case, that the surrogate should have considered the sale by the defendant, of the leasehold premises to himself, as inoperative and void. And he should have charged the defendant the full value of the premises, with interest from the time of the sale; or he should have charged him with the present value, and with the rents and profits received, over and above the ground rents, taxes, &c. I think the circuit judge was wrong, in supposing the surro-

1835.

Stiles
v.
Burch.

gate had not full power over this subject, to compel the administrator to account according to equity, notwithstanding the pretended sale to himself. From the bill and answer, it appears that the leasehold estate was only an agreement for a lease for two lives; of which the life of the decedent was one. It would therefore, if the lease had been actually executed, have been, upon his death, an estate *pur auter vie*, or an estate by occupancy; which, under the statute then in force, would go to the administrator, to be applied and distributed as a part of the personal estate of the intestate (1 *R. L. of* 1801, *p.* 178, § 4.) It was an equitable chattel interest in land, which the surrogate might compel the administrator to account for, in the same manner as if he had attempted to sell a horse belonging to the estate, and had become himself the purchaser thereof. I think, therefore, the complainants were bound, in their proceedings before the surrogate, to call upon the defendant, for the proper account in relation to the leasehold premises. And if the surrogate erred in not charging him with what was equitable and just, they should have sought their remedy by appeal. The sentence and decree of the surrogate is conclusive upon the rights of both parties, so far as the personal estate, including the leasehold premises, is in controversy here. And as the defendant has established no valid excuse for not complying with the decree of the surrogate, a decree must be made here for carrying the same into effect. This is the more necessary, since the surrogate has no power to issue an execution against either the real or personal estate of the defendant; and as it is alleged that there are creditors of the estate who still have claims thereon. It is hardly probable that any claims of that kind can exist, which are valid against the estate after a lapse of twenty-five years. The administrator, after the decree of the surrogate, could not make a promise or agreement to pay a debt barred by the statute of limitations, so as to affect the interest of those who had cited him to account. The proper decree, however, is to refer it to a master, to give the usual notice to creditors to come in and establish their debts before him. And if any are thus established, they can be provided for in the decree ;

1835.

Stiles
v.
Burch.

to be paid either by the administrator or out of the estate, as may be equitable as between him and the complainants. The balance of the fund may then be distributed, without security; as the defendant will be protected against the claims of creditors who do not come in under the decree.

The decree was wrong, in giving liberty to the complainants to introduce proofs in relation to the sale of the freehold estate to the mother, with a view to establish a collusive and fraudulent sale. The fact that 45 acres of land, in the county of Dutchess, were sold by the administrators, under a surrogate's order, for the very small sum of $35, and that the same land was shortly afterwards conveyed by the purchaser to the defendant, was certainly calculated to excite suspicion. But no charge is contained in the bill which could justify any decree whatever in this cause, relative to the freehold estate. And I do not find it even alleged that the defendant was ever in possession thereof; although the defendant is called upon by the prayer of the bill to give an account of the rents and profits. If the testimony to be taken should establish fraud and collusion, it could not benefit the complainants in the present suit. If there was any thing improper in relation to the sale of the freehold estate, they must seek their remedy in a new suit, and the decree in this case must be made without prejudice to their right to institute such a suit.

The decree of the court below must be reversed. And a new decree must be entered here, declaring that the sentence and decree of the surrogate, referred to in the pleadings in this cause, is binding and conclusive, between the parties to this suit, as to the balance due from the defendant, as the surviving administrator of the estate of Z. Burch, deceased; and directing the defendant to pay that amount, with interest thereon, from the time when the surrogate's decree was entered, to the register of this court, to abide the further order of the court. The decree must also direct a reference to a master to take proof of the debts, if any, which exist against the estate, in favor of such creditors as shall come in and establish their claims before him; the master giving the usual notices for the creditors to come in, as directed by the statute. And he

is to report, specially, as to any matter he may deem proper for the consideration of the court. All questions of costs, and all other questions and directions, are reserved until the coming in and confirmation of the report.