WARHAM BROWN and others, appellants, *vs.* CHARLOTTE H. BROWN, executrix, &c. respondent.

The statute provides how the account of an executor shall be rendered, upon any accounting before the surrogate, and what examination may be had, (2 *R. S.* 92, § 54,) and when the settlement appears to have been final, and all the parties interested to have been before the surrogate, the presumption must be that the settlement embraced every thing which was a proper subject of inquiry.

Where, upon a proceeding before the surrogate to compel a final accounting, by an executrix, it appeared that several years previously, upon the petition of the executrix for a final settlement of her accounts, citations were issued to all the parties interested, and an accounting had; that the same parties who appeared in the second proceeding, appeared on that occasion by counsel, and were heard before the surrogate; and a final decree was made thereon by the surrogate, from which such parties did not appeal; *Held* that the settlement of the executrix's account in such previous proceeding was to be deemed final and conclusive as to all matters up to the time when it was made, and was therefore the proper basis for the accounting to be had in the second proceeding; and the executrix was not bound to go behind it.

Such former settlement would not be conclusive, however, if it were made to appear, affirmatively, that there were other assets which had come to the hands of the executrix properly chargeable to her, and which were not embraced in the account. *Per* JOHNSON, J.

The statute does not declare that such settlement shall be conclusive as to the assets which have come to the hands of the executor. But as that is a proper subject of inquiry, upon every such settlement, it should be deemed to have been made, and the decree founded upon the accounting be so far conclusive as to form the basis of a further final accounting, unless something is shown to have been in the hands of such executor as assets, which should have been accounted for, but was not. *Per* JOHNSON, J.

THIS is an appeal from a decree of the surrogate of Monroe county, entered October 23, 1867, upon the final accounting of the respondent as sole executrix of, &c. of Matthew Brown, deceased.

The testator died December 28, 1851. The decree of the surrogate adjudged the sum of $7150.54, to be due to the executrix, which sum, together with the costs, was ordered to be paid to her out of the assets. The petition of appeal alleged that letters testamentary were issued to the respondent on the 15th day of March, 1852. That the

appellants are residuary legatees mentioned in said will.
That on or about the 20th day of March, 1867, the respond-
ent made application to the surrogate for a final settlement
of her accounts as such executrix, which was ordered, and
citations duly issued.   That thereupon an account was
rendered to the surrogate by said executrix, which being
unsatisfactory to the petitioners the same was controverted
by them.   And upon the issues formed the respective
parties proceeded before the said surrogate to take the
evidence, written and oral, on the part of the appellants to
impeach, and on the part of the respondent to sustain, their
allegations on such accounting.  That after the said proof
was taken, a hearing was had before such surrogate, and
a sentence or decree was pronounced by him on the 23d
day of October, 1867, affirming the said account; and the
appellants being advised that the said sentence or decree
was erroneous, had appealed therefrom to this court, and
among grounds of error the following were stated : The
surrogate held and decided that the accounting of 1861
was final and conclusive as rendered, and could not be
opened.   The surrogate declined to investigate any of the
matters included in that account, and matters occurring
prior to its rendition.   The surrogate declined to charge
the executrix with property received prior to that account-
ing, and not accounted for in the accounts.   The appel-
lants insisted that the respondent should make and file
an inventory of the personal property received by her, and
a schedule of the real estate.   The surrogate declined so
to hold.   The appellants claimed that certain items of the
accounts rendered, should be disallowed.   The surrogate
held the contrary.   The surrogate allowed to the executrix
the annuity of $700 for the year 1867, and at the same
time the legacy of $10,000.

The named respondent, in her answer to the petition of
appeal, stated :

*First.* She admitted her appointment as executrix of the

Brown *v.* Brown.

last will and testament of said Matthew Brown; that the appellants are residuary legatees under said last will and testament; that she (the respondent) made application for a final settlement of her accounts as such executrix, on or about March 20, 1867, and that thereafter such accounting was had and proofs given relating to the whole period covered by the trust power so exercised by her since the decease of said Matthew Brown; and that upon the coming in of the auditor's report relating thereto, and based upon all such proofs, a decree was pronounced by the surrogate as stated in said petition.

*Second.* The respondent denied that the surrogate failed to examine and adjudicate upon the matters of account relating to said estate prior to January, 1861; but, on the contrary, she stated that the appellants offered proofs which were duly passed upon and considered, affecting the property and assets received by the respondent since the decease of the testator.

*Third.* The respondent admitted that the surrogate did not insist that she should file an inventory and schedule of the personal property and real estate received by her in any other manner or form than as stated; and defined specifically in the proofs upon which the said surrogate passed, and which were considered by him as the basis of his decree entered upon such final account.

*Fourth.* The respondent admitted that the claim of the appellants in reference to the first nine items of the account as filed, and also to the annuity of $70 for the year 1867, was made as stated in said petition; and also admitted the finding of the surrogate in affirmance of the auditor's decision in favor of the respondent.

The respondent insisted that all the findings embodied in said decree were just and correct, and she asked that the same be affirmed and declared conclusive in all respects by this court, and with such further, other or different relief or remedy as might be just in her favor.

*C. H. Clark*, for the appellants.

*DeL. Crittenden*, for the respondent.

*By the Court*, JOHNSON, J. This appeal is from the decree of the surrogate upon a final accounting by the defendant; and one of the principal questions in the case is, whether the accounting in question was properly made upon the basis of a former final accounting in 1861, or whether it should not have gone back to the commencement of the defendant's trust, as executor, and embraced the whole subject of assets, charges and credits. I am clearly of the opinion that the settlement of 1861, was the proper basis of this settlement, and that it was not necessary for the defendant to go behind it, for any purpose, by reason of any thing which appears in the case upon this appeal. That was a final settlement, by the very terms of the decree, and the proceeding was instituted for the purpose of having it final. Citations were issued to all the parties interested; and the same parties who appear here, then appeared by counsel, and were heard before the surrogate in respect to all matters embraced in such accounting. A final decree was made thereupon by the surrogate, which the appellants did not appeal from, but suffered to remain as such final decree. The statute provides how the account shall be rendered upon any accounting, and what examination may be had. (2 *R. S.* 92, § 54.)

And where the settlement appears to have been final, and all the parties interested to have been before the surrogate, the presumption must be that the settlement embraced every thing which was the proper subject of inquiry. (*President, &c. of Bank of Poughkeepsie* v. *Hasbrouck*, 2 *Seld.* 216. *Glover* v. *Holley*, 2 *Brad.* 291. 2 *R. S.* 94, § 65.) This section declares as to what subjects it shall be conclusive. It would not, I think, be held conclusive, in case it could be made to appear affirmatively that there were

Brown *v.* Brown.

other assets which had come to the hands of the executor or administrator, properly chargeable to him, and which had not been embraced in the account. This opinion was expressed in *President, &c. of Bank of Poughkeepsie* v. *Hasbrouck*, above cited. The section of the statute referred to does not declare that such settlement shall be conclusive as to the assets which have come to the hands of the executor or administrator. But as that is a proper subject of inquiry upon every such settlement, it should be deemed to have been made, and the decree founded upon the accounting be so far conclusive as to form the basis of a further final accounting, unless something is shown to have been in the hands of such executor or administrator, as assets, which should have been accounted for, but was not. Here nothing is shown, but the point is, that the defendant should have gone back to the commencement as matter of course. I am of the opinion, therefore, that both the auditor and the surrogate were right in holding that the decree on the final accounting in 1861 was conclusive, as the case stood. The auditor, in his report, says, "there is nothing upon the face of the account or in any proof made before me, which cast any suspicion of inaccuracy or mistake, much less of fraudulent intent in the matters covered" by such accounting. It appears affirmatively, by the decree and the abstract of the accounts filed, that an account of assets was then rendered by the defendant.

The next question of most considerable importance, relates to the allowance of the charge of $700 a year, paid as an annuity under the provisions of the will. It is for the appellants to show that this was erroneous. There is no copy of the will before us, and I do not see how we can pronounce that allowance erroneous without knowing definitely and precisely what were the terms and conditions of the will, under which the payment is claimed to have been made.

Brown *v.* Brown.

From the statement in the report of the auditor in regard to the terms and conditions of the will in that respect, and also in regard to the condition of the estate while such payments were being from year to year made, I do not see but they were properly made. At all events, there is not enough appearing to enable the court to pronounce them improper and unauthorized.

Items one and two in statement B. were properly allowed as credits, as the defendant in statement A. had charged herself with the whole rent as though the whole had been received. The next four items in statement B. under date of January 9, 1861, for taxes paid, seem to have been properly allowed, as the auditor has found that they are not the same allowed in the settlement of 1861, but that those charges then allowed were for taxes of previous years, paid in 1861.

The defendant's exception to the disallowance of the credit to her, of $34.80 for sodding the burial lot in Mount Hope Cemetery, belonging to the estate, cannot prevail, or indeed be considered. There being no copy of the will in the case, it is impossible for the court to determine whether it was a proper charge or not. On the whole, I do not find any error which would justify a reversal or modification of the decree. It must, therefore, be affirmed, with costs of the appeal.

[Monroe General Term, March 1, 1869. *E. D. Smith, Johnson* and *J. C. Smith,* Justices.]