RED JACKET TRIBE, No. 43, of the IMPROVED ORDER OF RED MEN

*v.*

HEZEKIAH W. HOFF et al.

On a bill filed for the reformation of the bond of the treasurer of a society, because seals were omitted therefrom, and for a decree fixing the amount due thereon from the treasurer and his surety—*Held*, that while the bond could be reformed as to the seals, no decree could be granted for the amount due thereon, because the remedy at law was adequate, and a demurrer on the latter ground was sustainable.

Bill for relief. On general demurrer.

*Mr. O. P. Chamberlin,* for demurrants.

*Mr. W. F. Herr,* for complainants.

THE CHANCELLOR.

The bill is filed for two purposes: to supply the defect in a bond of want of seals, omitted through accident or mistake, and to obtain a decree in this court for the amount due on the bond. The bond was given by the defendants, Hoff as principal and Wilson as surety, to the complainants, and is conditioned for the faithful performance, by the principal, of his duties as treasurer of the complainants. Wilson files a general demurrer. The bill is clearly maintainable for the first-mentioned object. It appears by the instrument itself, which is set out in the bill, that it was intended to be a sealed instrument, and the complainants are in equity entitled to have the defect remedied, and the want of seals supplied. *Montville* v. *Haughton, 7 Conn. 542; Rutland* v. *Paige, 24 Vt. 181.* But they are not entitled to the other relief—a decree on the bond. Their remedy on the bond is a legal one, and there is no ground whatever laid in the bill for equitable relief on that score. Though reformation of a contract, and specific performance, or reformation of a mortgage and foreclosure, or rectification of a bond and an account, may be sought in the same bill, and relief obtained, the reason is that the remedies are not only both equitable, but the former (the reformation) is sought with a view to the latter (the specific performance, or foreclosure, or account), which is the principal object of the suit, and there is a manifest propriety in allowing the joinder in such cases. But in this case the bill seeks an equitable remedy and another which is merely legal. It has been said that a bill is not multifarious where it sets up one sufficient ground for equitable relief, and another claim which, on its face, contains no equity which can entitle the complainant to the interposition of the court, either for relief or discovery. *Varick* v. *Smith, 5 Paige 136.*

Red Jacket Tribe *v.* Hoff.

"When," says Judge Story, "a bill contains two distinct subject-matters, wholly disconnected from each other, if one of them be clearly without the jurisdiction of a court of equity for redress, it seems that the court will treat the bill as if it were single, and proceed with the other matter on which it has jurisdiction, as if it constituted the sole object of the bill."—*Story's Eq. Pl. § 283.*

Though the subject-matters of this bill, the rectification of the bond and the assessment of the damages thereon, are connected together, yet the latter relief is one which the court, in the ordinary exercise of its authority, cannot properly grant. The proper forum for such relief is a court of law. *Berry* v. *Van Winkle, 1 Gr. Ch. 269; Iszard* v. *May's Landing Co., 4 Stew. Eq. 511; Palys* v. *Jewett, 5 Stew. Eq. 302.*

"To justify a court of equity in granting relief as consequent upon discovery," says Judge Story, "it seems necessary that the relief should be of such a nature as a court of equity may properly grant, in the ordinary exercise of its authority. If, therefore, the proper relief be by an award of damages, which can alone be ascertained by a jury, there may be a strong reason for declining the exercise of the jurisdiction, since it is the appropriate function of a court of law to superintend such trials. And in many other cases where a question arises, purely of matters of fact, fit to be tried by a jury, and the relief is dependent upon that question, there is equal reason that the jurisdiction for relief should be altogether declined; or at all events, that if the bill is retained, a trial at law should be directed by the court, and the relief granted or withheld, according to the final issue of the trial."—*1 Story's Eq. Jur. § 72.*

The bill is therefore bad, so far as the purely legal claim is concerned. In *Varick* v. *Smith*, cited above, it was said that the proper course for the defendant, in such a case as this, to pursue, is to answer as to the equitable cause of suit, and demur to the legal claim for want of equity, or that he may answer as to both, and make the objection as to the want of equity in the legal claim at the hearing. I think the defendants should not be required to answer so much of the bill under consideration as concerns the merely legal relief which it seeks. The demurrer will therefore be sustained.