NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—November, 1882.

EDWARDS V. EDWARDS.

*In the matter of the estate of* CHARLES EDWARDS,
*deceased.*

An executor is, as· such, "a person interested in the estate" of a decedent,
under whose will his testator was a beneficiary, so as to entitle him,
under Code Civ. Pro., § 2726, to petition for an accounting by the first
decedent's executor; and he is not precluded by the circumstances that
the latter is his co-executor under the second decedent's will, who,
after qualifying as such, had procured a decree judicially settling his
account, as the first decedent's executor, before petitioner qualified and
received letters.

Decedent, who died in 1868, gave, by his will, the bulk of his estate to his
wife, and named as executors his three sons, A., B. and C., of whom
only A. and B. qualified. The widow died in 1871, giving, by her will,
the bulk of her estate to, and naming as executors, A., B. and C., of
whom only A. and B. qualified. In 1876, a creditor of the first decedent
having filed a petition that the executors account, A., the sole acting
executor petitioned for a voluntary accounting, citing none of deced-
ent's heirs, next of kin or legatees to attend, and procured a judicial
settlement of his account by decree in October of that year. In 1882,
C. having qualified as executor of the widow, and petitioned that A. be
required to account as executor of the first decedent, and that certain
objections filed by him (C.), to the account as settled, be considered, A.
contended that he, the accounting executor of the first decedent, being
the sole acting representative of the widow's estate, the latter was con-
cluded by the decree already rendered. C. was not, in his own right, a
necessary party to A.'s accounting.

*Held*, that C., though not a necessary party, either in his personal or in his
representative capacity, to A.'s accounting, had acquired new rights
by qualifying, as executor of his mother's will, and that, though his
objections to a settled account could not be entertained, the decree of
settlement was of no effect as to him in his capacity as executor, and he
was entitled to a new account.

Smith v. Lawrence, 11 Paige, 206—followed.

PETITION by Frederick S. Edwards, a son of decedent, and executor of Harriet Edwards, deceased, for an order requiring J. P. Edwards, decedent's sole acting executor, to render and file an account, and for other relief. The facts appear sufficiently in the opinion.

EDWARD C. GRAVES, *for petitioner.*

A. O. SALTER, *for J. P. Edwards, executor.*

THE SURROGATE.—The decedent died in 1868, leaving a will, whereby his whole estate, with trifling exceptions, was given to his wife Harriet. His three sons were named as executors, but one of them, the petitioner in this proceeding, never qualified as such. In September, 1876, one Thomas Love, claiming to be a creditor of the estate, filed a petition, asking that the executors be compelled to account. The sole acting executor proceeded, thereupon, to file his own petition for a voluntary accounting, which soon afterwards took place before the Surrogate, and resulted in a judicial settlement by decree dated October, 1876.

Five years before that date, the widow of the testator had died, leaving a will, by which the bulk of her estate was given to her three sons, the same persons who had been named as executors by the will of her husband. Before the filing of the account of 1876, above referred to, the will of Mrs. Edwards had been proved, and the same persons had qualified as executors, to whom letters had been issued on the estate of this testator. None of the heirs, next of kin or legatees of Mr. Edwards seem to have been cited to attend the settlement of his executor's account.

In July of the present year, this petitioner qualified as executor of his mother's will. He has since filed a petition, alleging, among other things, the facts above stated, charging that the account of Charles Edwards, executor, was deficient and false in certain specified particulars, praying that such executor may be required to render now an account of his proceedings, and that certain objections which he, as executor of Harriet Edwards, and legatee under her will, has lately filed in this court, may be received and considered.

Sections 2726 and 2727 of the Code establish the procedure, by which an accounting may be compelled, and declare who is entitled to demand it. Among those so entitled are all persons "interested in the estate or fund." Subdivision 11 of § 2514 declares that "the expression *person interested*, where it is used in connection with an estate or a fund, includes every person entitled either absolutely or contingently to share in the estate, or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as creditor."

This section further declares that, although the claim of one, who applies for an accounting as a party in interest, be disputed, it shall suffice if he makes a duly verified allegation of his interest, unless he is excluded by some final judicial determination.

It cannot be claimed, in the present case, that the petitioner has personally been debarred by judicial determination, from the relief which he here seeks. But the decree of 1876 was conclusive upon the parties thereto, as to the matters which are now sought to be made the subject of inquiry (R. S., part. 2, ch. 6, tit. 3, § 65,

*3 Banks, 6th ed., 102;* Brown v. Brown, *53 Barb., 217;* Stiles v. Burch, *5 Paige, 132;* Gill v. Brouwer, *37 N. Y., 549*).

It is claimed, by the respondent, that the sole acting representative of Harriet Edwards' estate, at the time of the accounting in 1876, was himself, the accounting executor, and that, therefore, the rights of Harriet Edwards' estate are concluded by the decree which was then entered. It is plain that this petitioner, in his own right, was not then a necessary party to that proceeding, either as legatee or as one of the next of kin of his father: not as a legatee, because his only interest as such was in certain enumerated articles which seem to have been delivered to him by the executor, and not as next of kin, because he had not, as such, any "demand against the estate," within the meaning of Rev. Stat., part 2, ch. 6, tit. 3, § 52 (*3 Banks, 6th ed., 99*).

Nor was he, at the time the account was rendered, a necessary party, as representing his mother's estate, for he had not then qualified as executor. Has he, however, by the grant of letters of administration, acquired new rights in the premises? The objections which he has interposed to the account on file cannot be entertained, now that that account has been settled by a decree. If the petitioner has any just claim, at all, it is that the decree, as to him, is absolutely of no effect, and that he is now entitled to demand a new account, as if one had never been rendered. While this claim is not free from doubt, I have decided to uphold it (Smith v. Lawrence, *11 Paige, 206*).

Ordered accordingly.