In the Matter of the Estate of ROBERT SOUTTER, deceased, The DUCHESS D'AUXY, legatee, Appellant, *v.* T. H. PORTER, Executor, Respondent.

The presumption from a surrogate's decree judicially settling the accounts of an executor, where all the parties interested have been cited, is that the account was correct and that the executor has accounted for all the property that came into his hands as such.

A further accounting should not be ordered unless it be made to appear clearly that there are other matters not embraced in the former account for which he is responsible and has not accounted.

After the accounts of T. as executor of the will of R. had been judicially settled, an application was made by a legatee to compel T. to make a

further account. It was not claimed that T. had not accounted for everything which came to him as such executor, but the facts relied on concerned the estate of J. in which R. had an interest. These facts were, in substance, that T. and W. one of the executors of the will of J. were copartners doing a banking business under the firm name of S. & Co., and after the death of J. his executors placed a large amount of the assets of the estate in the hands of said firm, which failed owing the estate a large sum. The petitioner sought to compel T. to render an account in reference to the assets of the estate of J. which came to his firm. *Held*, that the application was properly denied, as said assets did not come to T. or under his control as executor, and it did not appear that any part of them was set aside or appropriated as the portion of R. under the will of J.; that such assets remained subject to the control of the executors of J., and to them only the firm was bound to account; that if any share belongs to the estate of R. it must come through said executors; that T. could not be held liable as executor of R. for those assets until they came into his hands as such executor.

*It seems* the proper remedy of the petitioner is to have an administrator *de bonis non*, with the will annexed of the estate of R. appointed, who can then call the executors of J. to an account and compel payment by them of whatever may still be due under his will to the estate of R., and if it shall appear that said estate has been damaged by the negligence of T. he can then be called to an account by the administrator *de bonis non*.

(Argued April 19, 1887; decided May 3, 1887.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 22, 1887, which affirmed an order of the Surrogate of the county of New York denying the application of the Duchess D'Auxy, legatee, etc.

The nature of the application and the material facts are stated in the opinion.

*Lewis Sanders* for appellant. A surrogate's decree is conclusive only as to the matters submitted to him for adjudication, and the appellant was entitled to a further accounting as to matters not embraced therein. (*Pres't, etc., Bk. of P.* v. *Hasbrouck*, 6 N. Y. 221, 222; Code, §§ 2689, 2690, 2742, 2814, 2819.) The appellant was the proper party to move

for such an accounting. (*Gerould* v. *Wilson*, 81 N. Y. 579;
*Beall* v. *New Mexico*, 16 Wal. 540, 541; Williams on Ex'rs
[4th Am. ed.] 543, *note* 1; 783, *note* 1; 2 Redf. on Wills,
91, *note*.)

*Stewart L. Woodford* for respondent. This motion was
not made on the petition of the proper party. (Code of Civ.
Pro., § 2605.) Only so much of a decree as is in error, or
was produced by fraud or deception, can be vacated. (*In re
Ermand*, 24 Hun, 1.) The matters concerning which the
decree is sought to be opened or set aside, and the account of
the respondent falsified, or a further accounting compelled,
are *res. adjudicata* between the appellant and respondent.
(*Brown* v. *Brown*, 53 Barb. 217; *Bk. of Poughkeepsie* v.
*Hasbrouck*, 6 N. Y. 221, 222.) This motion was not made
within the period fixed by the Code. (Code of Civ. Pro.,
§ 2481, subd. 6, §§ 1283, 1290; *In re Tilden*, 98 N. Y. 434;
*In re Hawley*, 100 id. 206.) If this motion were not limited
in its nature and effect by the affidavit upon which alone the
order to show cause was granted, and if it had been made
within the time limited by the Code, equity would demand
that the appellant make more definite and indubitable charges
of fraud or deception, and a fuller, clearer statement of facts
supporting such charges. (*In re Ermand*, 24 Hun, 1; *Story*
v. *Dayton*, 22 id. 450; *U. S.* v. *Throckmorton*, 98 U. S. 61.)

EARL, J. James T. Soutter died February, 1873, leaving
a last will and testament in which Agnes G. Soutter and
William K. Soutter, his son, were appointed executors. The
will·was admitted to probate and both executors qualified as
such. In that will, among other dispositions of his property,
the testator gave his son Robert Soutter one-tenth thereof.
Thereafter in July, 1873, Robert Soutter died leaving a last
will and testament in which he appointed the respondent,
Timothy H. Porter, his executor. That will was admitted to
probate and Porter qualified as executor. In it the testator
bequeathed one-half of his estate to his widow, the present

appellant, who has since remarried and become the Duchess D'Auxy. In the winter of 1884, the respondent Porter presented his petition to the surrogate of New York praying for a judicial settlement of his accounts as executor and as trustee under the will of Robert Soutter, and that he be allowed to resign his trust and that his letters testamentary be revoked. In pursuance of that petition citations were issued to the appellant and to the other parties interested in the estate, requiring them to appear on a day named to attend the accounting and the hearing upon the petition; and the citation thus issued was served upon all the parties named therein. The respondent filed his account as executor which was duly examined and considered by the surrogate, and on the tenth day of March, he made his decree in which he ordered and adjudged that the account as filed be judicially settled and allowed; and the executor was directed to make certain payments to the appellant and to the trustee appointed in his place. It was further ordered and adjudged that after making such payments the letters testamentary to the respondent should be revoked and his resignation as executor and trustee accepted. There is no dispute that the respondent fully performed the directions contained in the decree and that his letters thus became revoked and his resignation accepted. Afterward on the 31st day of March, 1886, upon the affidavit and application of the appellant's attorney, the surrogate made an order that the respondent should show cause before him on the 15th day of April, 1886, why he should not file a further account as executor of Robert Soutter's estate, and why the decree entered on March 10, 1884, should not be set aside and the account reopened. That order was served upon the respondent, and in pursuance thereof he appeared before the surrogate, who, after hearing the parties, on the 15th day of June, 1886, made an order that the application to open the decree of March 10, 1884, and to compel a further accounting be denied. From that order the Duchess D'Auxy appealed to the General Term and from affirmance there to this court.

The appellant united, in her motion before the surrogate,

two distinct applications for relief, one to vacate and set aside the decree and to reopen the account, and the other, for a further accounting. Upon the argument before us, her counsel distinctly abandoned her claim to vacate and set aside the decree and to reopen the account, and contended only that the courts below erred in denying her a further accounting.

The respondent denies the appellant's right to a further accounting upon various grounds. It is, among other things, insisted that, as legatee, she has no right under the provisions of the Code to a further accounting, and that the decree made March 10, 1884, absolutely binds her until it shall be vacated or set aside, and that the only person who can call for a further accounting or pursue the assets which she seeks to reach, is an administrator with the will annexed to be appointed by the surrogate.

We will, however, assume that the decree judicially settling the respondent's account had no greater force or effect than is prescribed by section 2742 of the Code, and that the appellant had the right, upon the presentation to the surrogate of proper facts, to have a further accounting.

The decree judicially settling the accounts of the executor should have some force and effect. All the parties interested having been cited, the presumption should be indulged that the account was correct and that the executor had accounted for all the property that came into his hands as such, and a further accounting should not be ordered · unless it is made to appear that there are other matters, not embraced in his former account, for which he is responsible, and has not accounted. (*Brown* v. *Brown*, 53 Barb. 217.) It is not too much to ask of a party, who seeks to compel an executor who has once accounted to make a.further account, to present to the surrogate a clear case before he shall be required to grant the application.

Now, what are the facts here upon which the further accounting is sought? It is not disputed that the respondent accounted for every dollar that came into his hands as executor of the estate of Robert Soutter. But the facts upon which a

further accounting are asked concern the estate of James T. Soutter, and are these : At the time of the death of James T. Soutter, William K. Soutter, one of his executors, and the respondent Porter, were bankers and brokers in the city of New York under the firm name of Soutter & Co., and continued to do business as such until September 28, 1885, when they failed.   After the death of James T. Soutter his executors loaned and placed in their hands as a firm a large amount of the assets of the estate of James T. Soutter, and at. the time ·of their failure they were largely indebted to that estate. By the new accounting the appellant seeks to compel the respondent to render an account in reference to the assets of James T. Soutter which thus came to the firm of Soutter & Co., and for which they were indebted.   But those assets did not come to the respondent nor under his control as executor.   No part of them was set aside or appropriated as the portion of Robert Soutter under his father's will.   They remained subject to the control of the executors of James T. Soutter's will, and to those executors the firm were bound to account for them, and for aught that appears those executors and that estate are abundantly able to respond to the estate of Robert Soutter for his share of the former estate under his father's will.   The assets belonging to the father's estate in the hands of Soutter & Co., are still subject to administration by the executors of the father's estate, and if any share of them belongs to the estate of Robert Soutter it must come through them.   The respondent cannot be held to have received any portion of those assets as .executor of Robert Soutter, simply because he was a member of the firm of Soutter & Co.   He could not become responsible for those assets as executor of Robert Soutter until they should come into his hands as executor.   It may turn out on the accounting of the executors of James T. Soutter that no part of those assets will be needed to discharge the obligation of the estate of James T. Soutter to that of Robert Soutter.   So far as it is shown in this record, if there is any further obligation on the part of this respondent as executor, it is because he neglected

for so long time to procure from the estate of James T. Soutter Robert's share thereof; but it is not shown that that neglect has caused any damage to the estate of Robert Soutter, and whether it has or not cannot well be known until there has been an accounting of the executors of James T. Soutter.

The proper remedy of this appellant is to have an administor *de bonis non*, with the will annexed, of her husband's estate, appointed. He can call the executors of James T. Soutter to an account and compel payment by them to him of whatever may still be due under the will of James T. Soutter to the estate of Robert Soutter, and he will have ample power by proceedings before the surrogate or by a suitable action to call the proper parties to an account for the estate of James T. Soutter, It may turn out that that estate is still sufficient to pay whatever remains due to the estate of Robert Soutter, and if it is not, that the executors thereof are able to respond for whatever of that estate has been lost through their negligence or misfeasance.

If, however, it should turn out that the estate of Robert Soutter has been damaged by the delay of the respondent in collecting from the executors of James T. Soutter what was due to the estate of Robert Soutter, the respondent can then be called to an account by the administrator *de bonis non*. But in this proceeding, in the absence of any proof that any portion of the estate of James T. Soutter came to him as executor, or was ever set apart to the estate of Robert Soutter, or that the latter estate has been damaged by the delay, there is no ground whatever for calling him to an account.

We are, therefore, of opinion that the appellant did not make a case which required the surrogate to order the respondent to render a further account, and the order of the General Term should be affirmed, with costs.

All concur.

Order affirmed.