### SANDERS *v.* SOUTTER *et al.*

*(Supreme Court, General Term, First Department.   February 11, 1891.)*

1. ACTION AGAINST EXECUTORS—MISAPPLICATION OF FUNDS—RES ADJUDICATA.

The complaint in an action against executors of J. alleged that his will gave one-half of his property to his widow, and the remainder to be divided equally among his five children; that one of the defendants, who was the acting executor, misapplied various portions of the estate; that a few months after the death of J., one of his sons, R., died, leaving a will, which gave half his property to his widow, C., and the remainder to his children; that the executor of the will of R. was discharged in the surrogate's court without having reduced to possession a large part of the share of R. in the estate of his father, J.; that R.'s widow, C., assigned her rights under the will of R., and her assignee sold the same to another, who sold the same to plaintiff, to whom C. was indebted for services as attorney for C. in a previous suit by her against defendants for an accounting by them as executors; that notice of these assignments and of plaintiff's claim was given to defendants; that afterwards C. obtained limited letters of administration with the

will annexed of the estate of R., with power to prosecute claims; that a citation was issued to defendants to account as executors of J., and plaintiff also was cited thereon; that defendants filed their accounts, and C. as administratrix and plaintiff filed exceptions thereto; that thereafter, on the production by defendants of a general release from C., individually and as administratrix, to them, individually and as executors of J., and an approval by her of their accounts, in consideration of the payment to her by them of her distributive share of the estate of J., the surrogate, against plaintiff's objections, ordered that the proceedings be discontinued and the petition dismissed; and that such settlements were collusive, and made with intent to deprive plaintiff of his rights; and he asked that the release be set aside, and that defendants be compelled to account, and to ascertain and satisfy his interest as assignee. *Held,* that the complaint did not state facts sufficient to constitute a cause of action; that the decree of the surrogate alleged precluded such an action against the executors of J. by plaintiff, he not having appealed from the decree, or moved to set it aside as obtained by collusion.

2. SAME—ASSIGNMENT OF INTEREST UNDER WILL.

No right to maintain the action was shown to have been acquired by the assignments, as it was not alleged either that some portion of the estate of J. to which the estate of R. became entitled remained in the hands of defendants undistributed and unaccounted for; nor that the estate of R. was entitled to receive such portion of the estate of J., as not having been delivered or paid to the executor of R. or to his successor in the trust, nor that such executor or his successor neglected or refused to collect from the estate of J. such portion thereof, and had been discharged or removed; nor was it alleged even that C. had any actual interest in the estate of R. at the time of the assignments or either of them.

3. ATTORNEY—EQUITABLE ACTION TO ENFORCE LIEN.

An equitable action cannot be maintained by an attorney to enforce a lien claimed by him for professional services, especially where, under the statute relating to such lien, it may be enforced in the action or matter in which the fees were earned.

4. JUDGMENT—DISMISSAL OF COMPLAINT.

On the dismissal of a complaint on the ground, set up by answer, that it does not state facts sufficient to constitute a cause of action, judgment should not be entered that the complaint is dismissed "on the merits."

Appeal from special term, New York county.

Action by Lewis Sanders against Agnes Gordon Soutter and William K. Soutter, individually and as executors of James T. Soutter, deceased, and others. Plaintiff appeals from a judgment and decree entered May 14, 1890, dismissing the complaint as to the defendants, executors of James T. Soutter, on the merits, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The case came on to be tried at the special term before the Hon. MILES BEACH, J., and the complaint was dismissed by him before any evidence was taken, on the first defense set up in the executors' answer by way of a demurrer. (1) "That the complaint does not state facts sufficient to constitute a cause of action," one of the two demurrable defenses not waived by the failure to interpose a formal demurrer. Code Civil Proc. § 499. The complaint alleges the death of James T. Soutter, Sr., in February, 1873, testate; the probate of his will in Ulster county, in July, 1873; the appointment and the qualifications of the defendants, Agnes Gordon Soutter and William K. Soutter, as executors; the devise and bequest of one-half of his estate to his widow, Agnes, and one-tenth thereof each to his five children, William K., Robert, James, Emily W. Dix, and Eliza N. Bell. That the personalty exceeded $1,100,000, of which a portion only was inventoried and appraised at $695,461.64, a large portion of which, consisting of bonds, was directed to be divided in kind among the legatees. That Mrs. Soutter intrusted the whole administration of the estate to her son William K. Soutter, of whose administration of the trust funds she approved. That William K. was engaged with Timothy H. Porter and others as bankers and brokers, under the firm name of Soutter & Co., from January, 1873, to September, 1885. On the 28th of September, 1885, Soutter & Co. failed, owing upwards of $2,000,000, with assets of less than $500,000. During the whole of said period said firm of Soutter & Co., through the instrumentality of Will-

iam K. Soutter, as executor, had control of the stocks and bonds of the estate and proceeds thereof not distributed, without security to the estate, without keeping any account of the benefits derived from such use, without paying the legal rate of interest on the money so used, or anything for the use of the stocks and bonds. That they charged the estate excessive and usurious interest. That said William K. as executor, through Soutter & Co., sold a large amount of the securities belonging to said estate to pay claims of Soutter & Co., and usurious interest thereon, amounting to over $400,000, some of which were not debts of the estate, others greatly in excess of the amount due, and others incorrectly stated to the prejudice of the estate, without having first proved the same, or having them allowed by the surrogate. That the executors unlawfully diverted upwards of $74,000 from the personal estate to paying taxes on real estate. They made unauthorized and unsecured loans amounting upwards of $78,000; unlawfully paid assessments on stocks exceeding $5,000; charged usury and unnecessary interest in the month of November, 1873, amounting to $4,000.50; in illegal commissions, $51,567.91; made an erroneous charge of $2,782.60; converted stocks and bonds of the Laclede Gas Company, and the St. Louis Gas-Light Company made an unlawful investment in the coupons of the Mobile & Montgomery Railroad bonds of $125,535.09; illegally sold and disposed of the state bonds below value, instead of dividing in kind; made an unlawful loan to Soutter & Co. of upwards of $100,000; converted Mobile city bonds, which is a total loss, par value, $10,000. (2) That Robert Soutter died intestate July 18, 1873; will probated July 31st in New York county, appointing Timothy H. Porter executor, and others, now dead, who qualified, devising and bequeathing one-half of his real and personal property to his widow, Charlotte A. Soutter, now the Duchess D'Auxy, a defendant herein, the other half in trust for his four children, share and share alike, shares to be paid on their attaining, respectively, 25 years of age; the death of the daughter Pauline; the participation of said Porter, as one of the firm of Soutter & Co., with William K. Soutter, and the executors of James T. Soutter, Sr., in all the wrongful acts aforesaid. That on the 10th of March, 1884, said Porter accounted in the surrogate's court, and was discharged, having failed to reduce to possession the share of the estate of Robert Soutter in a large amount of the stocks, bonds, securities, and moneys of the estate of James T. Soutter, the elder, but continued to use, and permit the same to be used, in the business of Soutter & Co., in violation of his trust and duty as such executor and trustee. That as trustee for the children who are not yet 25 years of age he was succeeded by the defendant the Farmers' Loan & Trust Company. (3) That on the 17th of August 1887, Robert Soutter's widow, the Duchess D'Auxy, sold, for value, her rights as legatee under the will of Robert Soutter, including the claim in suit, to Henry Cranston, who, on the 27th of April, 1888, for value, sold the same interest to William J. Amend, who, on the 30th of April, 1888, sold the same interest, for value, to the plaintiff, who is now the holder and owner thereof. That of the two first assignments and of plaintiff's claim the defendant executors had due notice. (4) That on the 6th of December, 1888, the Duchess D'Auxy obtained letters of administration with the will annexed, on the goods, etc., of Robert Soutter, with power to prosecute only, and not to collect or compromise, claims. That on her petition to the surrogate of Ulster county a citation was issued to the executors of James R. Soutter, Sr., to render their account for judicial settlement, and citing the plaintiff also. That the defendant executors filed their accounts, and exceptions thereto were filed on behalf of the administratrix and plaintiff, and the proceedings were adjourned to June 7, 1889, whereupon the said executors produced from the Duchess D'Auxy, individually and as administratrix, a general release to the defendants, individually and as executors of James T. Soutter, Sr., and also an approval of their accounts in consideration of the

payment to her by said executors of her distributive share of the estate of James T. Soutter, (this appears by the answer to have been executed in the month of February, 1889;) whereupon, on motion of the executors' counsel, the surrogate, against the objection and protest of plaintiff, a party to the proceeding, ordered that the said proceedings be discontinued and the petition dismissed, which was done. (5) That such settlements so made were collusive and fraudulent, and made with the intent to deprive the plaintiff of his rights aforesaid; whereupon the plaintiff brought this action to set aside the release, to compel the executors to account, and to maintain, ascertain, and satisfy plaintiff's interest as assignee, and for further and other relief. For former report, see 7 N. Y. Supp. 549. For opinion reversing general term, see 27 N. E. Rep. 263.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Lewis Sanders*, in pro per. *Vanderpoel, Cuming & Goodwin*, (*Delos Mc-Curdy*, of counsel,) for respondents.

BRADY, J. The plaintiff, by his proceeding before the surrogate, sought to establish the liability of the executors of James T. Soutter by which his claim would be secured. He was the creditor of the Duchess D'Auxy for professional services, and seems to have fortified his demand by an assignment originally made by her to Henry Cranston of all her right, title, and interest as legatee under the last will and testament of Robert Soutter and by mesne assignments to the plaintiff. When the matter was before the surrogate on the petition of the duchess, the executors obtained from her appropriate releases, and presented them to him, who thereupon, against the objection and protest of the plaintiff, both as attorney of record for the duchess and on his individual rights, ordered the proceeding dismissed. No appeal was taken from that result, and nothing was further done in that proceeding by the plaintiff to maintain his rights either by appeal or upon the ground that the settlement was collusive. He had no claim against the estate of Robert Soutter, deceased, of which the duchess was the administratrix with the will annexed, but against her individually, for professional services rendered her. His claim under the assignment, however, depended for its value upon the result of the proceedings to account, in which he had an interest created by it, and was therefore speculative, while his demand for services was meritorious. His redress consisted of an appeal or a motion to set aside the decree of the surrogate upon proof of facts showing the collusion by which the decree was obtained. He adopted neither, and his claim must rest, therefore, in abeyance until that decree is set aside or modified, inasmuch as it precludes any action against the executors of James T. Soutter.

Aside from these views, it was held in *Re Soutter*, 105 N. Y. 519, 520, 12 N. E. Rep. 34, that the proper remedy of the duchess, who was the appellant in that case, and in which her claim was sought to be enforced against the executors of James T. Soutter, was to have an administrator *de bonis non* with the will annexed of her husband's estate appointed, who could call the executors of James T. Soutter to an account, and compel payment by them to him of whatever might still be due under the will of James T. Soutter to the estate of Robert Soutter, and would have ample power by proceedings before the surrogate or by a suitable action to call the proper parties to an account for the estate of James T. Soutter. That suggestion seems to have been adopted, and the duchess appointed, and a proceeding before the surrogate commenced by her, as appears from the statement of the facts of this controversy. If from the fact, however, that the plaintiff has acquired by the assignment the right to commence an action against the defendants, it is necessary, in order to enable him to maintain it, as cogently suggested by the learned counsel for the defendants, to allege—*First*, that some por-

tion of the estate of James T. Soutter to which the estate of Robert Soutter became entitled still remains in the hands of the defendants, executors, undistributed and unaccounted for; *second,* that the estate of Robert Soutter became and is entitled to have and receive such portion of the said first estate, the same not having been delivered or paid to the executor of Robert Soutter or his successor in trust; *third,* that the executor of Robert Soutter and his successor neglected or refused to collect from the estate of James T. Soutter the portion thereof to which Robert was entitled, and have been discharged or removed. None of these facts are alleged in the complaint. And it must be also remarked that the complaint fails to allege that the duchess had any actual interest in the estate of Robert Soutter at the time of the alleged assignments, or either of them; and, as suggested by the learned counsel for the respondent, for aught that appears in the complaint she may have received from the estate of Robert Soutter all the moneys to which she was entitled, if any. There is no allegation in the complaint that she had not. It must be further said that, regarding this action as one to create and enforce a lien that the plaintiff has as an attorney, the complaint fails to state a cause of action entitling him to relief. By the common law such a lien arises only after judgment; and, as it is competent for the parties acting *bona fide* to settle and discontinue a suit before the judgment without the consent of the attorney, he is remitted by its doctrines to his remedy against his client for his compensation. He has no right to bring an equitable action to enforce his inchoate right as an attorney even where there has been a fraudulent settlement of the case. *Randall* v. *Van Wagenen,* 115 N. Y. 527, 22 N. E. Rep. 361. And by statute his proceeding to enforce his lien must be in the action or matter in which the fees were earned, and as to which his lien is preserved. Code, § 66. For these reasons it is thought that the plaintiff's case was properly disposed of, save that the complaint should not have been dismissed on the merits. The dismissal was upon the ground that the complaint did not state a cause of action, which is in effect a demurrer. The judgment must therefore be modified by striking out the words "on the merits," and, as thus modified, affirmed, without costs to either party.

All concur.