In the Matter of the Estate of MARKS KIRSHBAUM, Deceased.

Surrogate's Court, New York County, April 11, 1935.

Hiram S. Gans, for Julius Kirshbaum, respondent, committee.

John W. Clancy, for the administrator, Isadore Kirshbaum.

Edward L. Bodow, special guardian for Hannah Kirshbaum, incompetent.

Arthur M. Becker, for the contestants, Sarah Robbins and another.

David J. Goldberg, for Charles B. Jacobs, distributee.

FOLEY, S. The following dispositions are made of the issues in this contested accounting proceeding:

(1) Various objections are made to the propriety of the discontinuance of an action brought by the administrator in the name of a corporation the stock of which was entirely owned by the estate. That action was instituted in the Supreme Court, New York county, against Julius Kirshbaum, a son of the decedent and one of the next of kin, for an accounting of certain rents of real estate owned by the corporation and claimed to have been collected and withheld by him. The administrator settled with the defendant for his own personal interest in the defendant's liability. The amount of the settlement was paid out of the distributive share of the defendant in the estate. The administrator thereupon discontinued the action, which had been brought for the benefit of all the persons interested in the estate. He attempts to justify this conduct by asserting (1) that all the competent next of kin requested and consented to the discontinuance, (2) that the defendant was the committee of an incompetent next of kin and that the administrator was entitled to rely upon the defendant's own duty to protect his ward. I find upon the evidence that the competent objectants requested the discontinuance of the action. As the trier of the facts I accept the testimony of the administrator upon this issue. His version is strongly supported by the testimony of Mrs. Sarah Robbins, one of the next of kin and herself an objectant. The action should not, however, have been discontinued as against the interests of the incompetent distributee, Hannah Kirshbaum. The administrator was not exonerated of liability in this situation by the fact that the

defendant in the action was the committee of the incompetent. In the arrangements for the discontinuance and for the compromise by the administrator in his individual capacity with the defendant, the administrator was not entitled to rely upon the conduct of the committee. The status of the latter in his capacity as committee and his position individually as defendant in the action were conflicting and adverse. He was properly removed for this breach of trust by the county judge of Suffolk county, who had appointed him. It was the primary duty of the administrator as a fiduciary to protect the interests of the incompetent either by way of settlement in a sum similar to that received by him in his own personal behalf or by the prosecution of the action to judgment. The administrator had no more right to settle his personal claim with the defendant and abandon the action than an administrator in an action for death damages would have the right to settle personally with the defendant and discontinue to the detriment of other next of kin of the estate, either non-assenting adults, infants or incompetents. Here the doubt of the administrator, himself, in the propriety of his conduct in making the settlement, is evidenced by his having obtained an agreement from Julius Kirshbaum to indemnify the administrator in the event of a surcharge by the court.

Moreover, the payment of the sum of $5,500 out of the estate, to Julius Kirshbaum as next of kin, which was used for the purpose of effecting the settlement between the administrator and Julius Kirshbaum, cannot be countenanced. That payment was made in violation of my direction in my prior decision in this estate (N. Y. L. J. June 30, 1933), in which I pointed out that the intestate share of Julius Kirshbaum should be held within the estate in order to assure the payment of any recovery obtained against him by the corporation in the accounting action. I, therefore, denied his application for a payment on account of his distributive share. The rights of the incompetent have been seriously prejudiced by this payment. The administrator is directed to repay into the estate promptly the moneys paid out for the account of the settlement with Julius Kirshbaum. The decree may earmark the amount to await the further determination and decree of this court to be entered after the final disposition of the new Supreme Court action. Distribution of assets or payment of money to Julius Kirshbaum on account of his distributive share will be prohibited until the final determination of such action and the making of a new decree in the Surrogate's Court.

(2) The present administrator will be discharged and a new administrator d. b. n. will be appointed upon a proper petition in a

separate proceeding for the purpose of reviving the old action or instituting a new action by the realty corporation against Julius Kirshbaum. (*Matter of Soutter*, 105 N. Y. 514, 520.) That action may be maintained not only for the benefit of the incompetent, but also for the benefit of the competent objectants. While I have held that the action was discontinued at the request of the latter group, the evidence is insufficient to establish a complete relinquishment of their right to recover against Julius Kirshbaum through the corporation. There is some indication that the objectants settled and adjusted their differences with Julius Kirshbaum, but clear and convincing proof of such settlement has not been adduced. It has been shown that they obtained a general release from Julius Kirshbaum to themselves. There is no proof, however, that general releases were executed by them and delivered to him. If such releases were executed or if there was an accord and satisfaction between the parties, these potential defenses may be tried and determined in the action in the Supreme Court.

(3) The objection of Sarah Robbins to the inclusion of certain articles of jewelry in the account is sustained. The evidence sufficiently establishes that these articles were and are the property of the objectant by a valid gift from her mother, Bessie Kirshbaum.

(4) The objections to the compensation charged by the attorney for the administrator are overruled. The administration of the estate was complicated and difficult and much litigation was involved. The testimony establishes that the amount charged was the reasonable value of the professional services rendered.

(5) The objection of the special guardian of the incompetent to the items listed in Schedules H and K was withdrawn by him upon the trial.

Submit decree on notice settling the account accordingly.